**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**JOHN RYAN STEPHENS (#561901)**           **CIVIL ACTION NO.**

**VERSUS**                                  **22-154-JWD-EWD**

**MARCUS MYERS, ET AL.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 28, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN RYAN STEPHENS (#561901)　　　　　　　　CIVIL ACTION NO.

VERSUS　　　　　　　　　　　　　　　　　　　22-154-JWD-EWD

MARCUS MYERS, ET AL.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before this Court is a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), filed by John Ryan Stephens ("Petitioner"), who is representing himself.[1] The State argues that Petitioner's claims are time barred under 28 U.S.C. § 2244(d).[2] It is recommended that the Petition be dismissed with prejudice as untimely. There is no need for oral argument or for an evidentiary hearing.

I.　**PROCEDURAL HISTORY**

On July 10, 2000, Petitioner was indicted by a grand jury for one count of aggravated rape in violation of Louisiana Revised Statute 14:42.[3] Petitioner was found guilty of the responsive offense of attempted aggravated rape by a jury in November 2009.[4] On May 17, 2010, Petitioner was sentenced to forty-five (45) years at hard labor without the benefit of parole, probation, or suspension of sentence.[5] On May 25, 2010, Petitioner filed a Motion to Reconsider Sentence,[6] which was denied by the trial court on July 19, 2010.[7] Petitioner then filed a direct appeal on August 13, 2010.[8] The Louisiana First Circuit Court of Appeal ("First Circuit") affirmed

---

[1] R. Docs. 1 and 5. Documents filed in the record of this case are referred to as "R. Doc. __."
[2] R. Doc. 10.
[3] R. Doc. 9-1, p. 45. According to the Indictment this offense was committed on a juvenile.
[4] R. Doc. 9-3, p. 189.
[5] R. Doc. 9-3, pp. 192-198.
[6] R. Doc. 9-1, p. 91.
[7] R. Doc. 9-5, p. 70.
[8] R. Doc. 9-1, p. 95.

Petitioner's conviction and sentence on February 10, 2012.[9] Petitioner sought review in the Louisiana Supreme Court on March 12, 2012,[10] which was denied on September 12, 2012.[11] On September 11, 2013, Petitioner filed an Application for Post-Conviction Relief ("PCR Application") in the state trial court.[12] The trial court dismissed Petitioner's PCR Application on April 16, 2020, finding that "the issues raised in the application have been fully litigated on appeal."[13] Petitioner sought review in the First Circuit,[14] which was denied on August 17, 2020.[15] Petitioner then sought review in the Louisiana Supreme Court,[16] which was denied on February 9, 2021.[17]

On February 4, 2022, Petitioner filed an unsigned and undated Petition in the United States District Court, Western District of Louisiana, Shreveport Division ("the Western District").[18] He also did not pay the filing fee or request permission to file the petition without prepaying the filing fee. On February 9, 2022, the Western District issued an Order requiring Petitioner to amend his pleadings to correct these deficiencies within thirty days.[19] After Petitioner filed a signed petition and paid the filing fee, the case was transferred to this Court because it encompasses the parish in which Petitioner was convicted and would be more convenient for the parties and the witnesses if

---

[9] R. Doc. 9-5, p. 195-211; *State v. Stephens*, 2011-0995, 2012 WL 602420 (La.App. 1 Cir. 2/10/2012) (unpublished).
[10] R. Doc. 9-5, p. 42-100.
[11] R. Doc. 9-8, p. 69; *State v. Stephens*, 2012-0581 (La. 9/12/2012), 98 So.3d 820 (Mem.). Petitioner did not seek further review in the United States Supreme Court.
[12] R. Doc. 9-5, pp. 4-16.
[13] R. Doc. 9-5, p. 27.
[14] R. Doc. 9-6, p. 31.
[15] R. Doc. 9-6, p. 17; *State v. Stephens*, 2020-0499, 2020 WL 4784609 (La. App. 1st Cir. 8/17/2020) (unpublished).
[16] R. Doc. 9-5, p. 37; R. Doc. 9-6, pp. 1-15.
[17] R. Doc. 9-6, pp. 53-54; *State v. Stephens*, 2020-01112 (La. 2/09/2021), 310 So.3d 169 (Mem.). The Louisiana Supreme Court's *per curiam* opinion states, in relevant part, "Denied. Applicant's conviction and sentence are final, and he fails to show that his application was timely filed in the district court or that an exception to the time limitation applies. La. C. Cr. P. 930.8; *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189." *Id*.
[18] R. Doc. 1.
[19] *Id*.

2

a hearing was necessary on the fact that there appear to be two separate trial court orders denying Petitioner's 2013 PCR Application, which were filed six (6) years apart.[20]

The State answered on January 5, 2023, urging that the Petition was not filed timely based on 28 U.S.C. § 2244(d).[21] The State also argues that Petitioner is not entitled to tolling, nor has he established actual innocence.[22]

## II.    LAW AND ANALYSIS

### A.    The Petition is Untimely

Under 28 U.S.C. § 2244(d)(1)(A), a one-year limitations period applies to federal habeas corpus claims brought by prisoners in state custody. This period runs from "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of time for seeking such review."[23] After a petitioner has proceeded through all stages of direct appellate review in the state courts, the period of direct review also includes the petitioner's right to seek discretionary review before the United States Supreme Court.[24] As a result, after a ruling by the state's highest court on direct appeal, a petitioner's judgment becomes final when the United States Supreme Court issues a decision denying discretionary review or, if no application for review is filed, at the end of the ninety-day period for seeking review at the Supreme Court.[25]

28 U.S.C. § 2244(d)(2) additionally provides that "The time during which a properly filed application for State post-conviction or other collateral review" is "pending" in the state courts is

---

[20] R. Doc. 6, pp. 1-3.
[21] R. Doc. 10 and R. Doc. 11, pp. 9-11.
[22] R. Doc. 11, p. 13.
[23] 28 U.S.C. §2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012).
[24] *Prater v. Vannoy*, No. 19-576, 2022 WL 3333551, at *2 (M.D. La. July 5, 2022), report and recommendation adopted, No. 19-576, 2022 WL 3330943 (M.D. La. Aug. 11, 2022) (deGravelles, J.), aff'd sub nom., *Prater v. Hooper*, No. 22-30569, 2023 WL 2987571 (5th Cir. 2023). *See also*, United States Supreme Court Rule 13(1), which provides, in relevant part, as follows: "Unless otherwise provided by law, a petition for a writ of certiorari seeking review a judgment … entered by a state court of last resort … is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.").
[25] *Id.*, citing *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003).

not counted toward any part of the one-year limitation period. A properly-filed state application is considered to be "pending" both while it is before a state court for review and also during the time after a state court's decision while the petitioner is allowed to seek review in a higher court.[26] However, the time during which there are no properly filed post-conviction or other collateral review proceedings pending counts toward the one-year limitations period.[27]

Here, because Petitioner did not seek review in the United States Supreme Court on direct appeal, his judgment became final ninety (90) days after the Louisiana Supreme Court's September 12, 2012 denial of his writ application, or on December 11, 2012. The one-year period for Petitioner to seek federal habeas review began to run the next day, December 12, 2012, and continued for a total of 273 days until it was interrupted on September 11, 2013, when Petitioner filed his PCR Application.[28] This left 92 days remaining in the one-year limitations period. Petitioner's PCR Application remained pending until February 9, 2021, when the Louisiana Supreme Court denied his related writ application. The one-year limitations period began to run

---

[26] *See Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

[27] *Herrington v. Kent*, No. 20-265, 2023 WL 5663224, at *2 (M.D. La. July 31, 2023); report and recommendation adopted, 2023 WL 5663144, *1 (M.D. La. Aug. 30, 2023). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against Section 2244(d)(1)(A)'s one-year limitations period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998).

[28] Although the Louisiana Supreme Court stated that Petitioner failed to show that his PCR Application was timely filed in the trial court, *see State v. Stephens*, 310 So.3d 169, the record before this Court demonstrates the PCR Application was timely filed. Petitioner's conviction became final on December 11, 2012, and he filed his PCR application less than a year later, on September 11, 2013. *See* La. C.Cr.P. art. 930.8. To the extent the Louisiana Supreme Court meant that Petitioner's request for review of trial court's denial of his PCR Application was untimely, while the state court record includes a document with the trial court case caption and language denying Petitioner's PCR Application, the only legible date on the document is "2014." R. Doc. 9-5, p. 19. The document has lines striking through the order language and fails to include the month and date on which it was signed. A judgment is the determination of the rights of the parties in an action. La. C.C.P. art. 1841. A final judgment shall be identified as such by appropriate language. La. C.C.P. art.1918. Although no specific form or wording for judgments is required, a judgment be "precise, definite and certain." *Laird v. St. Tammany Par. Safe Harbor*, 2002-0045 (La.App. 1 Cir. 12/20/02), 836 So.2d 364, 365. Because language in the 2014 document was struck through and because it lacks a date certain, it does not appear to be a valid judgment. If the 2014 document were a valid judgment, Petitioner's federal habeas petition would also be untimely, as the one-year limitations period would have expired long before he filed his federal habeas petition in 2022 and he would not have had any action for collateral review pending in the state court between 2014 and, at the earliest, June 15, 2020, when his writ seeking review as to his PCR Application was filed in the First Circuit. R. Doc. 9-6, p. 31. The one-year time limit to file his federal habeas petition would have expired during this time.

4

again on February 10, 2021, and expired 92 days later, on May 13, 2021. Petitioner did not file his federal habeas petition until February 4, 2022, well after the one-year time period had expired.[29]

### B. Petitioner Has Not Shown that Any Exception to the One-Year Limitations Period Applies

Because his federal habeas petition was not timely filed, this Court must dismiss Petitioner's case under 28 U.S.C. § 2244(d), unless Petitioner can establish either that he is entitled to statutory tolling of the limitations period under § 2244(d)(1)(B) because there was an obstacle to filing timely that was created by the state, or that he is entitled to equitable tolling.[30] For statutory tolling, Petitioner must show that some state action, in violation of the Constitution or federal law, prevented him from filing a timely federal habeas petition.[31] Petitioner has made no such claim or showing in this case and none is apparent from the record. Therefore, there is no basis to support a finding that Petitioner is entitled to statutory tolling.[32]

Nor is there any basis in the record for equitable tolling. Petitioner has the burden to demonstrate that equitable tolling is warranted.[33] In this regard, the one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances."[34] The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."[35]

---

[29] Although his original federal habeas petition was not signed and he did not pay the required filing fee or submit a completed IFP application, the date of Petitioner's initial filing of his habeas petition, February 4, 2022, was used for this calculation since Petitioner timely cured the deficiencies as permitted by the Western District's February 9, 2022 Order. R. Doc. 3. Included with the original Petition is an unsigned letter from Petitioner that suggests he submitted his habeas application on January 3, 2022. R Doc. 1-5. Even if the earlier date of January 3, 2022 is used, the federal habeas petition is still untimely.

[30] *See Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003); *Fleming v. Vannoy*, No. 20-834, 2022 WL 17543717, at *2 (M.D. La. Nov. 4, 2022); report and recommendation adopted, 2022 WL 17543687, at *1 (M.D. La. Dec. 8, 2022) (deGravelles, J.).

[31] *See Fleming*, 2022 WL 17543717, at *2, citing *Egerton*, 334 F.3d at 436.

[32] Petitioner also does not point to any newly recognized constitutional right or newly discovered facts. 28 U.S.C. 2244(d)(1)(C) and (D).

[33] *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009).

[34] *Id.*

[35] *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996); *Herrington*, 2023 WL 5663224, at *3.

"A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."[36]

Generally, a litigant seeking equitable tolling must show two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.[37] Equitable tolling "is not intended for those who sleep on their rights."[38] This means that a federal habeas petitioner is required to act with diligence and promptness both during the period allowed for the filing of state post-conviction relief and after any rulings on his requests for post-conviction relief.[39]

Here, Petitioner has not requested equitable tolling. Further, it appears Petitioner was merely unaware of the relevant time limitations for filing a habeas application. As ignorance of the law and lack of knowledge of filing deadlines do not establish extraordinary circumstances, equitable tolling is not warranted.[40] While actual innocence may also be an exception to the one-year limitations period, Petitioner does not present any evidence or argument regarding innocence.[41] As his federal habeas application is untimely, and as he has not shown any basis for

---

[36] *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).
[37] *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005).
[38] *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).
[39] *Herrington*, 2023 WL 5663224, at * 3, citing *Ramos v. Director, TDCJ-CID*, Nos. 09-463, 09-477, 2010 WL 774986, at *4 (E.D. Tex. Mar. 1, 2010).
[40] *Tate v. Parker*, 439 Fed.Appx. 375, 376 (5th Cir. 2011) (miscalculation of the filing deadline, ignorance of the law, and lack of knowledge of filing deadlines are not a basis for equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000).
[41] In *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass [even if] the impediment is a procedural bar ... or ... expiration of the statute of limitations." However, in *Hancock v. Davis*, 906 F.3d 387, 389 (5th Cir. 2018), the United States Fifth Circuit Court of Appeals recognized the requirements imposed on a petitioner to support an actual innocence claim:
> As a threshold matter, a credible gateway "claim [of actual innocence] requires [the] petitioner to support his allegations of constitutional error with new reliable evidence ... that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). "[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Perkins*, 569 U.S. at 386, 133 S.Ct. 1924 (quoting *Schlup*, 513 U.S. at 329, 115 S.Ct. 851).

6

an exception to the one-year limitations period, Petitioner's habeas petition should be dismissed with prejudice.

### III. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[42] Although Petitioner has not yet filed a notice of appeal, the Court may address whether he would be entitled to a certificate of appealability.[43] Here, a certificate of appealability should be denied.

A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.[44] In cases where the district court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[45] Because reasonable jurists would not debate the denial of Petitioner's federal habeas petition as untimely, or the correctness of the procedural ruling, a certificate of appealability should be denied.

### IV. RECOMMENDATION

As the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed by Petitioner John Ryan Stephens,[46] is untimely, **IT IS RECOMMENDED** that the application be **DENIED** and that this proceeding be **DISMISSED WITH PREJUDICE**.

---

[42] 28 U.S.C. § 2253(c)(1)(A).
[43] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).
[44] 28 U.S.C. § 2253(c)(2).
[45] *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006).
[46] R. Docs. 1 and 5.

**IT IS FURTHER RECOMMENDED** that, if Petitioner seeks to appeal in this case, a certificate of appealability be **DENIED**.

Signed in Baton Rouge, Louisiana, on October 28, 2024.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　**ERIN WILDER-DOOMES**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

8